# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Maria Galvez, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-18-4221 |
| | § | |
| City of Katy, Charles A. Brawner, and Russell Wilson, | § | |
| | § | |
| *Defendants*. | § | |

## Memorandum Opinion and Order

Pending before the court is a motion for partial judgment on the pleadings filed by defendants City of Katy, Charles A. Brawner, and Russell Wilson (the "Defendants"). Dkt. 5. Brawner is the Mayor of Katy and Wilson is the Fire Chief. *Id.* After reviewing the motion, response, and applicable law, the court is of the opinion that the motion should be GRANTED IN PART AND DENIED IN PART.

### I. Background

Plaintiff Maria Galvez filed her original petition in state court on September 24, 2018. Dkt. 1-2. Her sole cause of action was common law invasion of privacy or intrusion of seclusion. *Id.* Defendants filed a general denial on October 11, 2018, and they asserted that the Texas Tort Claims Act ("TTCA") barred the suit and asserted defenses of governmental immunity for the City of Katy and official immunity for Brawner and Wilson. Dkt. 1-3. On November 5, 2018, Galvez amended her petition to include a claim under 42 U. S. C. § 1983 for an unlawful search and seizure and a claim under 18 U.S.C. § 2707 for violations of the federal Stored Communications Act. Dkt. 1-4. Defendants filed another general denial, which included the same defenses and added a

defense of federal qualified immunity for the claims against Brawner and Wilson. Dkt. 1-5. Defendants removed the case to this court on November 7, 2018. Dkt. 1.

In the amended petition, Galvez alleges that she worked for the City of Katy as an Emergency Management Coordinator and, while she was on paid administrative leave, the defendants accessed her personal Facebook Messenger messages. Dkt. 1-4. They were allegedly able to do this because Galvez's personal account was tied to the City of Katy's and the Fire Department's Facebook pages. *See id.* After accessing the messages, the Defendants terminated Galvez's employment and, when she appealed her termination, they allegedly used the messages from her personal Facebook account during a hearing with the Katy City Council. *Id.* Galvez contends that these messages were extremely personal in nature and that Defendants used them with malice to offend, humiliate, and cause outrage. *Id.*

Defendants now move for a partial judgment on the pleadings, arguing that (1) the common law claims against the City of Katy should be dismissed under the Texas Tort Claim Act ("TTCA") because the City of Katy did not waive immunity for the intentional tort asserted here; (2) the tort claim against Brawner and Wilson must be dismissed because the plaintiff had to elect between suing a governmental unit and an employee of that unit under Tex. Civ. Prac. & Rem. Code § 101.106 and failing to do so is an irrevocable election to sue the governmental unit rather than the employees; (3) the § 1983 claims against the City of Katy must be dismissed because Galvez has alleged no policy that was the moving force behind the alleged Fourth and Fourteenth Amendment violations; and (4) there are no facts that plausibly show that Brawner accessed Galvez's Facebook messages and thus no claim that Brawner unlawfully searched communications protected by the Stored Communications Act. Dkt. 5.

Galvez contends that the City of Katy does not have sovereign immunity under the TTCA because it was acting in a proprietary capacity. Dkt. 7. She contends that her claim focuses on the access to her Facebook messages, which was not a benefit to the general public and not a governmental function. *Id.* She claims that the Facebook account was a personal account separate from her employment and that she never gave the defendants consent or permission to access her Facebook Messenger account. *Id.* She argues that the actions of Brawner and Wilson are akin to going to someone's home, opening the person's mailbox, and reading his or her mail. *Id.* Galvez urges the court to therefore deny the motion to dismiss with regard to the City of Katy because the intrusion of seclusion or invasion of privacy was a proprietary function.

Galvez also contends that her § 1983 against the City of Katy should not be dismissed because she is asserting a *Monell* claim against the City of Katy. *Id.* Specifically, she argues that Brawner, as Mayor, was a policymaker of the City of Katy, and he promulgated customary personnel practices that were the moving force behind the City of Katy's violation of Galvez's rights. *Id.*

With regard to the § 1983 claim against Brawner, Galvez contends that Brawner is not entitled to qualified immunity because her complaint alleges that Brawner searched her Facebook Messenger messages without her consent in violation of clearly established laws and that her pleadings against Brawner present a claim that is plausible on its face. *Id.*

The motion for partial dismissal is now ripe for disposition.

## II. LEGAL STANDARD

Courts "evaluate a motion under Rule 12(c) for judgment on the pleadings using the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010). In considering a Rule 12(b)(6) motion, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales,*

*Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.* at 556. "Ultimately, the question for a court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff." *NuVasive, Inc. v. Renaissance Surgical Ctr.*, 853 F. Supp. 2d 654, 658 (S.D. Tex. 2012).

### III. ANALYSIS

The court will address whether the City of Katy is entitled to sovereign immunity under the TTCA, whether the claims against the individual defendants under the TTCA must be dismissed because Galvez failed to elect remedies, whether the City of Katy is immune under § 1983, and whether Brawner is entitled to qualified immunity under § 1983 *in seriatim*.

**A.    Sovereign Immunity Under the TTCA**

The first issue is whether the court should dismiss the intrusion of seclusion/invasion of privacy claim asserted against the City of Katy because the City is immune from suit for this claim under the TTCA. The State of Texas has waived sovereign immunity to the extent a common law claim falls under the TTCA. Tex. Civ. Prac. & Rem. Code Ann. § 101.025(a). However, this waiver does not apply to claims "arising out of assault, battery, false imprisonment, or any other intentional

4

tort." Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2); *Pena v. City of Rio Grande*, 879 F.3d 613, 625 (5th Cir. 2018) ("Intentional torts are explicitly excepted from the waiver."). Invasion of privacy is an intentional tort. *Univ. of Tex. Med. Branch of Galveston v. Hohman*, 6 S.W.3d 767, 777 (Tex. App.—Houston [1st Dist.] 1999, pet. dism'd w.o.j.) (finding that a state agency could not be held liable for an invasion of privacy claim).

In applying sovereign immunity to municipalities, the Texas Supreme Court distinguishes between "acts performed as a branch of the state and . . . acts performed in a proprietary, non-governmental capacity." *Wasson Interests v. City of Jacksonville*, 489 S.W.3d 427, 430 (2016). Acts done as a branch of the state, such as administering laws made to enforce the state's policies, are protected by immunity. *Id.* at 433. But "[a]cts that are proprietary in nature" "do not implicate the state's immunity" as they "are not done as a branch of the state, but instead 'for the private advantage and benefit of the locality and its inhabitants.'" *Id.* at 433–34. "By definition, a city's 'proprietary functions are those conducted "in its private capacity, for the benefit only of those within its corporate limits, and not as an arm of the government."'" *Id.* at 436 (quoting *Tooke v. City of Mexia*, 197 S.W.3d 325, 343 (Tex. 2006) (quoting *Dilley v. City of Houston*, 222 S.W.2d 992, 993 (Tex. 1949))).

The City of Katy contends that the court should dismiss Galvez's claim for intrusion of seclusion/invasion of privacy because it is an intentional tort, and the TTCA does not waive immunity for intentional torts. Dkt. 5. Galvez contends that immunity does not apply to proprietary functions of a municipality, and going through her personal Facebook Messenger messages was a proprietary function. Dkt. 7. The City of Katy argues that Galvez's claims relate to the termination of her employment and that the hiring and firing of employees is a governmental function. Dkt. 5.

Thus, the City of Katy asserts that Galvez's claim for invasion of privacy—an intentional tort—must be dismissed. *Id.*

Taking the allegations in the complaint as true, the court finds that it is plausible that the City of Katy's actions in this case—allegedly looking through Galvez's personal Facebook Messenger messages without her permission—is proprietary in nature. Proprietary functions are those that a city "may, in its discretion, perform in the interest of the inhabitants of the municipality." Tex. Civ. Prac. & Rem. Code Ann. § 101.0215(b). According to Galvez, the City of Katy only had access to her messages because she was charged with updating the City of Katy Facebook page and the Katy Fire Department's Facebook page, and she had to link them to her personal account in order to have administrative access to update the pages. Dkt. 104. Clearly, these Facebook pages are in the interest of the inhabitants of the community. While discovery may reveal that Defendants only accessed the accounts as a Governmental function related to terminating Galvez's employment, it in inappropriate to dismiss her claim at this stage of the litigation.

**C.**     **Election of Remedies Under the TTCA**

Galvez asserts her intrusion of seclusion/invasion of privacy claim collectively against all "Defendants." *See* Dkt. 1-4 at 8. Defendants argue that the court must dismiss the intrusion of seclusion claim/invasion of privacy against the individual defendants because Galvez is required under the TTCA to elect either the municipality or the individual defendants and cannot sue both. Dkt. 5. Galvez does not respond to this argument. *See* Dkt. 7.

Filing suit against a governmental entity under the TTCA "constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter." Tex. Civ. Prac. & Rem. Code Ann. § 101.106(a). "If a suit is filed [under the TTCA] against both a governmental

unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." *Id.* § 101.106(e).

Defendants' motion to dismiss the intrusion of seclusion/invasion of privacy claim against Wilson and Brawner is GRANTED pursuant to the mandate in Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e).

**D.     Municipal Immunity Under Section 1983**

Galvez contends that when Defendants accessed her electronic communications without her permission they violated her Fourth Amendment right, enforceable through the Due Process Clause of the Fourteenth Amendment, to be free from unreasonable searches and seizures. Dkt. 1-4 at 8–9. She thus seeks redress under 42 U.S.C. § 1983. *Id.* Defendants argue that Galvez's § 1983 claim against the City of Katy must be dismissed because Galvez has not alleged an official policy was the moving force behind the alleged violation of her Constitutional rights. Dkt. 5.

Section 1983 prohibits "persons" acting under the color of law from depriving another of any "rights, privileges, and immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983. Municipalities and cities qualify as persons under § 1983. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690, 98 S. Ct. 2018 (1978). However, a municipality "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Id.* at 694. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.*; *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 532 (5th Cir. 1996) ("If a § 1983 suit is brought against a [municipality], the claim must be based upon the implementation or execution of a policy or custom which was officially adopted by that body's officers.") (citing *Krueger v. Reimer*, 66 F.3d 75, 76 (5th Cir. 1995)).

"[M]unicipal liability under section 1983 requires proof of three elements: a policymaker; an official policy, and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). A "policymaker" must have "'final policymaking authority' over the subject matter of the offending policy." *Jett v. Dall. Indep. Sch. Dist.*, 491 U.S. 701, 737, 109 S. Ct. 2702 (1989). "There is no 'de facto' final policymaking authority." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009). A "final policymaker" has "final authority to establish municipal policy with respect to the action ordered. . . . [Having] discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 482, 106 S. Ct. 1292 (1986).

To meet the "official policy" element, the plaintiff must either allege (1) a written policy or procedure that is officially adopted or promulgated by the policymaking authorities of a governmental agency; or (2) a persistent, widespread practice of governmental agency officials or employees which, although not officially promulgated or adopted, is so common and well settled as to constitute a policy or custom that fairly represents the agency's policy. *Piotrowski*, 237 F.3d at 579. The plaintiff may also demonstrate an unwritten policy if he or she proves that a "final policymaker" took a single unconstitutional action. *Bolton v. City of Dallas*, 541 F.3d 545, 548 (5th Cir. 2008).

To meet the "moving force" element, the plaintiff must show direct causation by establishing "'a direct causal link' between the policy and the violation." *Peterson*, 588 F.3d at 848. It is not enough for the plaintiff to allege that a change in policy may have prevented the violation, the municipality's policy "must be affirmatively linked to the constitutional violation." *Faire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992).

In response to the motion to dismiss, Galvez asserts that Brawner was acting with authority from the City Council as a final policymaker to conduct business in the City of Katy's administrative department and that his customary personnel practices were the moving force behind the City of Katy's violation of Galvez's Constitutional rights. Dkt. 7. She also argues that courts have recognized a "single incident" exception and that she is entitled to use discovery to pursue this possibility. *Id.* (citing *Robinson v. City of St. Gabriel*, No. CIV. A. 13-00298-BAJ, 2014 WL 1248188, at *4 (M.D. La. Mar. 25, 2014)). Galvez also requests permission to amend her pleadings. *Id.*

Under Fifth Circuit law, "a single decision by an individual with 'final policy-making authority' can in certain instances be grounds for liability under § 1983." *Waltman v. Payne*, 535 F.3d 342, 349 (5th Cir. 2008). However, while Galvez makes the argument in her response that Brawner is an individual with final policy-making authority, she does not allege this in her complaint. Therefore, Defendants' motion to dismiss the claims against the City of Katy on municipal immunity grounds is GRANTED. However, Galvez's request for leave to amend is also GRANTED.

E.  **Qualified Immunity Under Section 1983**

Galvez contends that Brawner "instructed, authorized, consented to, and/or observed" Wilson's unlawful actions in seizing and searching her electronic communications. Dkt. 1-4 at 8. She thus asserts her § 1983 claim against Brawner and Wilson as well as the City of Katy. *Id.* Defendants move to dismiss the § 1983 claim against Brawner because there are no allegations that plausibly show Brawner accessed Galvez's message. Dkt. 5. Rather, the amended petition merely indicates that Brawner "looked at the messages in some undescribed format and fired Galvez." *Id.* (describing the allegations in the petition). Defendants assert that, similarly, no claim has been stated

9

against Brawner under the federal Stored Communications Act. *Id.* In her response, Galvez asserts that Brawner "searched her messenger messages." Dkt. 7. She asks, in the alternative, for permission to amend her pleadings. *Id.*

Qualified immunity shields federal and state officials from liability under § 1983 in their individual capacities unless a plaintiff can show: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 131 S. Ct. 2074 (2011) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982)). When an official asserts qualified immunity, the plaintiff must first identify the allegedly infringed constitutional right. *Lincoln v. Turner*, 874 F.3d 833, 847 (5th Cir. 2017). Next, the court must "ask whether the right was clearly established—that is, whether 'it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.' If an officer makes a reasonable mistake as to what the law requires, the officer is entitled to immunity." *Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001) (citations omitted). Once a federal or state official raises qualified immunity, the plaintiff has the burden to show that qualified immunity does not apply. *Lincoln*, 874 F.3d at 847.

Here, Galvez has not shown that the allegations in her current petition are sufficient to overcome Brawner's claim for qualified immunity, as she indicates in the amended petition that Brawner viewed the messages but not necessarily that Brawner *searched* and *seized* the messages. She does not provide any authority that his alleged instruction, authorization, consent, or observation violates clearly established law—either under the Constitution or the Stored Communications Act—and the argument in her response that Brawner actually searched the messages is not in the amended petition itself. Thus, Defendants' motion to dismiss the § 1983 and Stored

Communications Act claims against Brawner is GRANTED. However, Galvez's request for leave to amend is also GRANTED.

### IV. CONCLUSION

Defendants' motion for partial dismissal is GRANTED IN PART AND DENIED IN PART. It is GRANTED with regard to Galvez's intrusion of seclusion/invasion of privacy claim against Wilson and Brawner, her § 1983 claims against the City of Katy and Brawner, and her Stored Communications Act claim against Brawner. The motion for partial dismissal is otherwise DENIED. Galvez's § 1983 claims against the City of Katy and Brawner, and the Stored Communications Act claim against Brawner are DISMISSED WITHOUT PREJUDICE. Galvez's claim for intrusion of seclusion/invasion of privacy against Brawner and Wilson is DISMISSED WITH PREJUDICE.

Galvez's request to amend her complaint is GRANTED with regard to the § 1983 claims and the Stored Communications Act claim. If Galvez wishes to continue to assert these claims, she shall file an amended complaint setting forth a plausible claim for relief with regard to each claim within thirty days of the date of this order.

Signed at Houston, Texas on February 8, 2019.

_____
Gray H. Miller
Senior United States District Judge