UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA GALVEZ, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION 4:18-cv-04221 |
| CITY OF KATY, CHARLES A. "CHUCK" BRAWNER, and RUSSELL WILSON | § § § § § | |
| Defendants. | | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE DISTRICT COURT JUDGE:

NOW COMES Plaintiff, Maria Galvez, and files this, her Second Amended Complaint and respectfully shows the following:

**I.
SUMMARY**

Plaintiff, Maria Galvez, was employed by the City of Katy as the Emergency Management Coordinator. Defendants acted to terminate her employment and did so by maliciously using the most deplorable means to do so. While having placed Ms. Galvez on paid administrative leave, with no action for nearly two months related to the allegations used as the basis for placing Ms. Galvez on leave, Defendants intruded on her seclusion, violated her Fourth Amendment rights to be free from unreasonable search and seizure, and violated the Stored Communications Act by accessing and reading her personal, Facebook messenger messages. It was not until Defendants were armed with details regarding matters related to her private life, personal communications with family and friends, did Defendants take action. First, Defendants issued Ms. Galvez another write-up. Then, Defendants terminated Ms. Galvez's employment. Finally, when Ms. Galvez

exercised her right to appeal the termination, the majority of the messages selected by Defendants for submission to the City Council during the "hearing" had nothing to do with Ms. Galvez's employment or the decision the Council was tasked with making; there was clear motive behind Defendants' deliberate selection of messages that where extremely personal in nature. Defendants actions were done with malice and were calculated to severely offended, humiliate, and cause outrage.

## II.
## DISCOVERY CONTROL PLAN

1. Plaintiff intends that this suit be governed by discovery control level two.

2. Plaintiff affirmatively pleads that this suit is not governed by the expedited actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks relief in excess of $100,000.

3. Specifically, Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

## III.
## PARTIES

4. Plaintiff Maria Galvez is an individual who resides in Waller County, Texas.

5. Defendant City of Katy is a municipality in Harris County, Texas. City of Katy may be served with service of process by serving its mayor, Charles A. "Chuck" Brawner at 901 Avenue C, Katy, Texas 77493.

6. Defendant Charles A. "Chuck" Brawner is an individual who resides in Waller County, Texas. Brawner may be served with service of process at 901 Avenue C, Katy, Texas 77493 or 1122 Fern Ln., Katy, Texas 77493, or wherever he may be found.

7. Defendant Russell Wilson is an individual who resides in Waller County, Texas. Wilson may be served with service of process at 1417 Avenue D, Katy, Texas 77493, or 6703 Patricia Ln., Katy, Texas 77493, or wherever he may be found.

## IV.
## JURISDICTION AND VENUE

8. Jurisdiction is proper because the amount in controversy exceeds the minimum jurisdictional limits of this Court.

9. Venue is proper in Harris County, Texas, pursuant to Section 15.002(a)-(b) of the Texas Civil Practice and Remedies Code because a substantial part of the events or omissions giving rise to the claim occurred in Harris County.

## V.
## FACTS

10. Ms. Galvez is a lifelong resident of Katy.

11. Ms. Galvez began working for the City of Katy as a volunteer with the Ladies Auxiliary in 2002 before becoming a part-time EMT in 2004.

12. Over the years, she held full-time employment with Katy, with promotions to the following positions: paramedic, Hazard Mitigation Coordinator and Compliance Officer, and Captain of Compliance and Assistant Emergency Manager.

13. In 2013, under the restructuring plan of Interim Fire Chief Rufus Summers, Ms. Galvez was instructed to devote her services solely to the position of Assistant Emergency Manager before being promoted to Emergency Management Coordinator in 2014.

14. Ms. Galvez has always given her best efforts to the City of Katy.

15. Unfortunately, following the hiring of Fire Chief Russell Wilson in or around May 2016, Ms. Galvez was subjected to a hostile work environment.

16. On or about September 11, 2017, Ms. Galvez filed a complaint with the City of Katy's human resources department against Chief Wilson.

17. Following Ms. Galvez's complaint, on or about January 23, 2018, Mayor Charles "Chuck" Brawner, placed Ms. Galvez on an unjustified paid administrative leave.

18. Mayor Brawner was falsely alleging that Ms. Galvez had committed timesheet fraud during Hurricane Harvey.

19. At the time of her suspension, Ms. Galvez was informed that the investigation regarding the matters related to this disciplinary action would be conducted by a third-party, an "outside agency."



20. However, this was all a farce. The City of Katy never intended an investigation by an outside agency and they knew there was not a legitimate basis for her termination based on the false allegations.

21. In fact, a subsequent request for disclosure of public records indicates that no payment was ever made to an independent third-party to conduct such an investigation.



22. Defendants' failure to investigate the initial matter for which they allegedly placed Ms. Galvez on suspension is further corroborated by the fact that Ms. Galvez was never contacted by an investigator for questioning.

23. It was not until March 14, 2018, that Ms. Galvez was finally contacted by Mayor Brawner.

24. However, Mayor Brawner *only* contacted Ms. Galvez to informed her of *new* allegations being made against her.

25. These new allegations were made after Fire Chief Russell Wilson invaded Ms. Galvez's privacy by accessing personal, confidential messages exchanged via Ms. Galvez's Facebook messenger.

26. That day, Mayor Brawner informed Ms. Galvez that she would have an opportunity to respond to the allegations made against her on Friday, March 16, 2018.

27. At the March 16, 2018 meeting, the only person asking questions was Mayor Brawner, who initially placed Ms. Galvez on administrative leave, and further hired Chief Wilson whom Ms. Galvez had raised complaints about before she was placed on leave.

28. Clearly, Mayor Brawner never intended to have an unbiased third-party investigate the false allegations made against Ms. Galvez in which it was alleged Ms. Galvez had committed timesheet fraud.

29. Defendants knew those allegations were frivolous, and for nearly two months following her suspension, Ms. Galvez heard nothing from the City of Katy or Mayor Brawner, all while being on *paid* administrative leave.

30. It was not until after this subsequent invasion of Ms. Galvez's privacy, the intrusion on seclusion, that Mayor Brawner finally contacted Ms. Galvez to schedule a meeting.

31. This is not a situation where Ms. Galvez voluntarily gave Defendants access to her Facebook Messenger account nor is this a situation where she logged into Facebook for personal reasons and forgot to close her account leaving her exposed.

32. Ms. Galvez was required, based on assigned job duties, to update the Facebook pages for both the Fire Department and Office of Emergency Management.

33. Per Facebook rules, in order to have administrative duties and access to update these pages for the city, the accounts have to be linked to her personal page.

34. Defendants revoked Ms. Galvez's administrative duties when she placed on administrative leave.

35. However, unbeknownst to Ms. Galvez, and never having Ms. Galvez's consent to do so, Chief Wilson continued to monitor her personal account.

36. Defendants' only objective, now that Chief Wilson had read Ms. Galvez's personal, confidential Facebook messages and shared them with Mayor Brawner, was to terminate Ms. Galvez's employment armed with this new, extremely personal and intimate information.

37. Defendants' motives in attaining this information was clear, as in Ms. Galvez's termination appeal, Defendants not only claimed that Ms. Galvez had violated instructions by communicating with city employees about the non-existent investigation, but they deliberately included unnecessary, highly personal messages in the termination appeal packet.

38. Defendant selected messages that had nothing to do with the allegation made against Ms. Galvez.

39. Defendants' actions in reading Ms. Galvez's Facebook messenger messages, using them as a basis for termination, and then including them in the termination appeal packet were malicious and calculated to cause harm.

40. In fact, it is clear that Defendants were seeking the most personal information and their review of Ms. Galvez's Facebook messenger messages was not just a cursory review, but an in-dept study of her private life.

41. In fact, one message that Defendants submitted during the termination appeal dated back to 2013, which clearly indicates that Defendants did not merely come across these messages, but instead, took deliberate actions in seeking them out.

42. Defendants actions allowed them access to not only conversations Ms. Galvez had related to her employment, but private conversations she had with family and friends, and conversations about her personal relationships and health matters.

43. Defendant, City of Katy, concedes that the Council "is the final policymaker for employment policies." (Doc. 5, Defendants' Motion for Partial Judgment on the Pleadings, ¶10 at pg. 6.)

44. Furthermore, Defendant, Mayor Charles A. "Chuck" Brawner, is an individual with final policymaking authority where the City of Katy's Articles state "the Mayor may prescribe such general rules and regulations as he may deem necessary or expedient for the general conduct of the Administrative Department, the heads of which are responsible to him."

45. All conditions precedent to the bringing of this lawsuit have been satisfied and fulfilled.

## VI.
## CAUSE OF ACTION
## INVASION OF PRIVACY – INTRUSION ON SECLUSION
## AGAINST DEFENDANT CITY OF KATY

46. Plaintiff brings this suit in her individual capacity.

47. Defendant City of Katy intentionally intruded upon Plaintiff's solitude, seclusion or private affairs and concerns.

48. Defendant's invasion was actual, a nonphysical invasion, into Plaintiff's solitude, seclusion, or private affairs.

49. Defendant's intrusion would be highly offensive to a reasonable person and was unwarranted, unjustified, and nonconsensual.

50. Defendant's intrusion resulted in Plaintiff being severely offended, humiliated, and outraged.

51. As a result of Defendant's actions, Plaintiff suffered injury and damages, within the jurisdictional limits of this Court, as a proximate cause of such the intrusion.

## VII.
## CAUSE OF ACTION
## 42 U.S.C. § 1983 - VIOLATION OF THE FOURTH
## AND FOURTEENTH AMENDMENTS AGAINSGT DEFENDANTS
## CITY OF KATY AND RUSSELL WILSON

52. Defendant Wilson intentionally and maliciously seized and searched Plaintiff's electronic communications located in her Facebook messenger account without just cause.

53. Defendant Brawner instructed, authorized, consented to, and observed Wilson's unlawful and malicious actions. On behalf of the City of Katy, it was Defendant Brawner's personnel policies and procedures that were the moving force behind this violation of Plaintiff's rights.

54. Furthermore, Defendant, Mayor Charles A. "Chuck" Brawner, is an individual with final policymaking authority where the City of Katy's Articles state "the Mayor may prescribe such general rules and regulations as he may deem necessary or expedient for the general conduct of the Administrative Department, the heads of which are responsible to him."

55. Defendants had no objectively reasonable basis to believe that Plaintiff's electronic communications contained materials related to her employment.

56. Defendants took intentional and deliberate steps to access Plaintiff's electronic communications.

57. Plaintiff did not consent to Defendants' seizure and search of her electronic communications.

58. At all times relevant hereto, Plaintiff had a right clearly established under the Fourth Amendment to the United States Constitution and enforceable through the Due Process Clause of the Fourteenth Amendment to be free from unreasonable searches and seizures.

59. Plaintiff suffered damages, including economic and non-economic injuries as a consequence of these violations.

**VIII.**
**CAUSE OF ACTION**
**18 U.S.C. § 2707 – VIOLATIONS OF THE STORED**
**COMMUNICATIONS ACT AGAINST DEFENDANT RUSSELL WILSON**

60. At all relevant times, the Stored Communication Act (18 U.S.C. § 2701 et. seq.) was in full force and effect and governed the accessing of facilities through which electronic communication service is provided.

61. Defendant Wilson knowingly, intentionally, and willfully accessed Plaintiff's Facebook messenger messages without authorization and obtained electronic communication that were then being electronically stored therein.

62. Defendant in liable for the actions taken in accesses Plaintiff's stored communications, violating a right that was 'clearly established' at the time of the challenged conduct."

63. Plaintiff did not consent to Defendant's accessing of her stored communications.

64. Defendant's actions violate 18 U.S.C. § 2701 and give rise to a claim under 18 U.S.C. § 2707.

65. Plaintiff suffered damages, including economic and non-economic injuries as a consequence of these violations.

## IX.
## JURY DEMAND

66. Plaintiff demands trial by jury and has tendered the appropriate fee.

## X.
## DAMAGES

67. Plaintiff seeks all damages allowed under the Texas and Federal law, including:

    a) Plaintiff seeks all actual damages as may be appropriate such as back pay, front pay, loss of earning capacity, and value of retirement benefits.

    b) Plaintiff seeks compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary loses.

    c) Plaintiff seeks exemplary or punitive damages.

    d) Plaintiff seeks additional equitable relief as may be appropriate such as reinstatement, promotion, and injunctive relief to protect against Defendants harm.

    e) Plaintiff seeks pre and post judgment interest at the maximum rate allowed by law.

    f)   Plaintiff seeks costs including court costs and reasonable expert fees.

    g)   Plaintiff seeks reasonable attorneys' fees.

WHEREFORE, premises considered, Plaintiff respectfully prays that Defendants be cited to appear and, that upon a trial on the merits, that all relief requested be awarded to Plaintiff, and for such other and further relief to which Plaintiff is justly entitled.

          Respectfully submitted,
          ROB WILEY, P.C.

          */s/ Kalandra N. Wheeler*
          Kalandra N. Wheeler\*
          Texas Bar No. 24051512
          Robert J. Wiley\*
          Texas Bar No. 24013750
          *\*Board Certified Specialist, Texas Board of Legal Specialization, Labor and Employment Law*

          LAW OFFICE OF ROB WILEY, P.C.
          1651 Richmond Avenue
          Houston, Texas 77006
          Telephone: (713) 337-1333
          Facsimile: (713) 337-1334
          kwheeler@robwiley.com

          ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of March, 2019, I served a copy of the foregoing on counsel for Defendants via the Court's CM/ECF system.

Ramón G. Viada III
Stefanie S. Strayer
17 Swallow Tail Court
The Woodlands, Texas 77381
Email: rayviada@viadastrayer.com

          */s/ Kalandra N. Wheeler*
          Kalandra N. Wheeler

---